UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/2022
```

Y.S., *individually and on behalf of Y.F. and S.F., children with disabilities*,

                              Plaintiff,

        -against-

NEW YORK CITY DEPARTMENT OF EDUCTATION,

                              Defendant.

1:21-cv-711 (MKV)

**OPINION AND ORDER
GRANTING MOTION FOR
ATTORNEYS' FEES**

MARY KAY VYSKOCIL, United States District Judge:

        Plaintiff Y.S., individually and on behalf of her minor children Y.F. and S.F., moves this

Court pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.

§ 1415(i)(3), for an award of attorneys' fees and costs for work performed by her counsel at the

Cuddy Law Firm. [ECF No. 78].[1]  For the following reasons, Plaintiff's motion is granted.

**BACKGROUND**

        S.F. and Y.F. are the minor children of Plaintiff Y.S.  [ECF No. 1 ¶¶ 2-9] ("Compl.").

The Parties do not dispute that S.F. and Y.F. are classified as disabled by the Defendant, or that

S.F. and Y.F. are entitled to a free appropriate public education ("FAPE").

        The request for legal fees in this action embraces three separate proceedings.  *First*,

Plaintiff seeks legal fees for work conducted in an underlying administrative proceeding with

---

[1] The Parties have submitted voluminous material in connection with the Motion.  Plaintiff submitted a Memorandum of Law in Support [ECF No. 34] ("Mem."), a Declaration in Support by Benjamin Kopp [ECF No. 80] ("Kopp. Decl."), attaching thirty-eight exhibits, and a Declaration in Support by Andrew Cuddy [ECF No. 79] ("Cuddy Decl."), attaching sixteen exhibits.  Defendant filed an Opposition [ECF No. 84] ("Opp.") to the Motion, a Declaration in Opposition by Michael Pantalony [ECF No. 85] ("Pantalony Decl."), attaching four exhibits, and a Declaration in Opposition by Sherry Glover [ECF No. 86], attaching two exhibits.  Plaintiff then replied [ECF No. 88] ("Reply") to the Opposition, and filed a Reply Affirmation of Benjamin Kopp [ECF No. 89] ("Kopp Reply Decl."), attaching eight exhibits, and a Reply Affirmation of Andrew Cuddy [ECF No. 90] ("Cuddy Reply Decl."), attaching three exhibits.  With leave of the Court, the Defendant filed a short sur-reply [ECF No. 95].

respect to S.F. which resulted in a final order in S.F.'s favor.  *Second*, Plaintiff seeks legal fees for work performed in an underlying administrative proceeding with respect to Y.F. which resulted in a final order in Y.F.'s favor.  *Third*, Plaintiff seeks to recover legal fees for work in this federal action necessary to secure enforcement of the underlying final orders.

## I.     S.F.'S IMPARTIAL HEARING

On May 24, 2019, Benjamin Kopp, counsel for Plaintiff, submitted a due process complaint on behalf of Y.S. and her child S.F. to the Defendant, the New York City Department of Education (the "DOE"), alleging that the Defendant had denied S.F. a free appropriate public education for the 2016-17, 2017-18, and 2018-19 school years.  Kopp Decl. ¶ 64; Pantalony Decl. ¶ 8.  On May 28, 2019, the Department of Education's Impartial Hearing System notified counsel that the complaint was processed as Case No. 183233.  Kopp Decl. ¶ 66; Pantalony Decl. ¶ 9.  After four assigned impartial hearing officers recused themselves from the case for unavailability, an Impartial Hearing Officer ("IHO") was appointed on May 30, 2019.  Kopp Decl. ¶ 67; Pantalony Decl. ¶ 11.  The IHO scheduled the hearing for October 21, 2019, which was adjourned to October 23, 2019 at the Defendant's request due to "the availability of witnesses."  Kopp Decl. ¶ 69; Pantalony Decl. ¶ 13.

On October 23, 2019, the Parties attended the scheduled hearing.  Kopp Decl. ¶ 74; Pantalony Decl. ¶ 15.  The hearing lasted one and a half hours, and neither party called any witnesses or submitted any documentary evidence.  Pantalony Decl. ¶ 15.  The IHO determined there "were not disputed facts giving rise to the need for a hearing" and that he would "order" all requested independent educational evaluations, among other relief.  *Id.*  On June 26, 2020, the Parties received the IHO's Final Order, dated February 2, 2020.  Kopp Decl. ¶ 78; Pantalony Decl. ¶ 20.  On August 3, 2020, counsel for Y.S. submitted "a complaint to the New York State

Education Department" regarding the Defendant's "failure to timely transmit" the Final Order, which was "sustained."  Kopp Decl. ¶ 83.

## II.   Y.F.'S IMPARTIAL HEARING

On June 26, 2019, Benjamin Kopp, counsel for Plaintiff, filed an impartial due process complaint on behalf of Plaintiff Y.S. and her child Y.F., alleging that the Department of Education had denied Y.F. a free appropriate public education for the 2017-18, 2018-19, and 2019-20 school years.  Kopp Decl. ¶ 100; Pantalony Decl. ¶ 25.  On June 27, 2019, the complaint was processed as Case No. 183763.  Kopp Decl. ¶ 102; Pantalony Decl. ¶ 26.  After five assigned hearing officers recused themselves, an Impartial Hearing Officer was appointed on July 8, 2019.  Kopp Decl. ¶ 102; Pantalony Decl. ¶¶ 27-28.  On July 22, 2019, the Parties attended a pendency hearing.  Kopp Decl. ¶ 104; Pantalony Decl. ¶ 32.  The Department of Education did not submit any witnesses or exhibits, did not object to Plaintiff's request for pendency, and the hearing lasted a total of six minutes.  Kopp Decl. ¶ 104; Pantalony Decl. ¶ 32.  On August 1, 2019, the IHO ordered the pendency programs.  Pantalony Decl. ¶ 32.  Plaintiff received the IHO's pendency order on August 9, 2019.  Kopp Decl. ¶ 106.

On December 18, 2019, the Parties attended an impartial hearing to resolve non-pendency issues with respect to Y.F.'s education.  *See* Kopp Decl. ¶ 110; Pantalony Decl. ¶ 33.  Plaintiff introduced forty-five exhibits and called three witnesses, and the Defendant introduced five exhibits but did not introduce any witnesses.  Kopp Decl. ¶ 110; Pantalony Decl. ¶ 33.  The DOE cross-examined two witnesses.  Kopp. Decl. ¶ 112.  The hearing lasted three hours.  Pantalony Decl. ¶ 33.

On January 15, 2020, the Parties attended a second impartial hearing, which lasted about an hour.  Kopp Decl. ¶ 114; Pantalony Decl. ¶ 34.  Plaintiff introduced three exhibits and called two additional witnesses, who were cross-examined by the DOE.  Kopp Decl. ¶ 114; Pantalony

Decl. ¶ 34.  Following the hearing, the Parties submitted written closing statements to the IHO.
Kopp Decl. ¶ 116.  On February 17, 2020, the IHO issued Findings of Fact and Decision
specifying relief for Y.F.  Kopp Decl. ¶ 117; Pantalony Decl. ¶ 36.

### III.     THE FEDERAL CASE

Plaintiff commenced the federal action underlying this motion for fees on January 26,
2021.  [ECF No. 1].  The Complaint sought to enforce the rights of both Y.F. and S.F. under the
IDEA with respect to the school years at-issue in the underlying proceedings.  On March 16,
2021, Plaintiff moved pursuant to Federal Rule of Civil Procedure 65 for a preliminary
injunction, seeking an order that the Department of Education comply with the Decision of the
IHO in Y.F.'s underlying proceeding.  [ECF Nos. 7, 10].  Specifically, the Plaintiff requested an
order requiring DOE to "complete[ly] implement[] Order Number 6 contained in the [Decision],
dated February 17, 2020 . . . including by identifying, locating, and securing placement at a state-
approved nonpublic school, which will be capable of implementing the appropriate classroom
and instruction contained within IHO Lee's February 17, 2020 [Decision] . . . ."  [ECF No. 7].
After a hearing on the motion, the Court issued a preliminary injunction against the DOE which,
*inter alia*, required the DOE to find a nonpublic school placement for Y.F (as required by the
IHO decision) by April 23, 2021.  [ECF Nos. 14-15].

The DOE did not identify a nonpublic school placement for Y.F. by the deadline in the
Court's preliminary injunction order.  On April 26, 2021, the Court held a conference with the
Parties to discuss the Defendant's noncompliance with the preliminary injunction, and ordered
the Defendant to reevaluate previously rejected schools and comply with the preliminary
injunction.  [ECF No. 26].  On April 30, 2021, Defendant still had not identified a placement for
Y.F., and Plaintiff sought sanctions against the DOE for its noncompliance.  [ECF Nos. 32, 34].
The Court granted Defendant time to respond to the request for sanctions, and otherwise comply

with the preliminary injunction.  [*See* ECF No. 36].  On June 14, 2021, Plaintiff submitted a letter to the Court [ECF No. 51] indicating that the DOE and its counsel still had not placed Y.F. at an appropriate school, and the Court accordingly scheduled a show cause hearing on possible sanctions for noncompliance.  [ECF No. 52].  Following the hearing on June 17, 2021, the Court issued an order [ECF No. 57] sanctioning the Defendant for failing to comply with the preliminary injunction.  The Court imposed a $500 coercive sanction for failure to comply, and ratcheting sanctions through June 23, 2021 if the DOE continued to be in noncompliance with the preliminary injunction.  [ECF No. 57].  On June 23, 2021, the Parties informed the Court that they had reached a settlement resolving Y.F.'s claims, with the exception of attorneys' fees, and provided the Court a proposed stipulation, which the Court so ordered.  [ECF Nos. 58-59, 62].  Thereafter, with the help of Magistrate Judge Lehrburger, the Parties later entered into a stipulation resolving S.F.'s primary claims.  [ECF No. 71].

Plaintiff has now moved for attorneys' fees, seeking to recover for work performed by the Cuddy Law Firm in the underlying proceedings and the federal litigation.  [ECF No. 78].

## **LEGAL STANDARD**

Under the IDEA, a court "may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I).  The Parties do not dispute that Plaintiff is a "prevailing party" for purposes of the IDEA or an award of attorneys' fees.  *See* Opp. at 1.  Accordingly, the Court addresses only whether the fees sought are "reasonable."

"Reasonable attorneys' fees under the IDEA are calculated using the lodestar method."  *Streck v. Bd of Educ.*, 408 F. App'x 411, 415-16 (2d Cir. 2010).  To calculate the lodestar, the Court must "multiply[] the attorney's reasonable hourly rate by the number of hours reasonably expended on the matter at issue."  *E.F. ex rel. N.R. v. NYC DOE*, 2014 WL 1092847, at *2

(S.D.N.Y. Mar. 17, 2014) (citing *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).  In determining whether an hourly rate is reasonable, courts consider both the prevailing market rates for such legal services, as well as a twelve-factor test promulgated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019) (the "*Johnson* factors").[2]  Though the Court must take into account the *Johnson* factors, the Court "need not recite and make separate findings as to all twelve," provided that the Court "takes each into account in setting the attorneys' fee award."  *E.F.*, 2014 WL 1092847, at *3 (internal citations omitted).  As the party seeking the award, "the fee applicant bears the burden of establishing entitlement."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The Court's determination of both a reasonable hourly rate and the hours reasonably expended requires an analysis of "case-specific variables."  *Torres v. Gristede's Operating Corp.*, 519 F. App'x. 1 (2d Cir. 2013).  While the Court has painstakingly reviewed the voluminous records submitted by both Parties, the "essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).

---

[2] The Second Circuit has made clear that "[i]n determining an appropriate hourly rate, the district court should consider, among others, the *Johnson* factors."  *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 18 (2d Cir. 2014) (internal quotation marks omitted).

**DISCUSSION**

**I.      SUMMARY OF FEES AND COSTS REQUESTED**

Plaintiff seeks a total of $250,487 in fees and costs, before interest, for the underlying proceedings and this litigation, Cuddy Reply Decl. ¶ 21.  The Court summarizes the requested fees and costs as follows:

*A.      Attorney and Paralegal Fees for the Underlying Actions*

**S.F. Administrative Proceeding.**  For the administrative proceedings with respect to S.F., Plaintiff seeks attorneys' fees for work performed by three attorneys, Andrew Cuddy, Michael Cuddy, and Benjamin Kopp, whose rates range from $400 to $550 an hour, and who collectively billed 102.90 hours.  Cuddy Reply Decl. ¶ 21.  Plaintiff also seeks fees for work performed by paralegals Allison Bunnell, Amanda Pinchak, Khrista Smith, Cailin O'Donnell, Lilianna Keith, Shobna Cuddy and Debra Leone.  Cuddy Reply Decl. ¶ 21

| S.F. Administrative Proceeding | | | |
|---|---|---|---|
| **Attorney Fees** | | | |
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| Andrew Cuddy | $550 | 4.20 | $2,310.00 |
| Michael Cuddy | $550 | 5.10 | $2,805.00 |
| Benjamin Kopp | $400 | 93.60 | $37,440.00 |
| **Paralegal Fees** | | | |
| Allison Bunnell | $225.00 | 3.00 | $675.00 |
| Amanda Pinchak | $225.00 | 10.10 | $2,272.50 |
| Khrista Smith | $225.00 | 0.60 | $135.00 |
| Cailin O'Donnell | $225.00 | 1.50 | $337.50 |
| Lilianna Keith | $225.00 | 3.30 | $742.50 |
| Shobna Cuddy | $225.00 | 3.00 | $675.00 |
| Sarah Woodard | $225.00 | 0.70 | $157.50 |
| Debra Leone | $225.00 | 0.40 | $90.00 |

**Y.F. Administrative Proceeding.**  In connection with services rendered in the Y.F. administrative proceeding, Plaintiff seeks attorneys' fees for work performed by seven attorneys,

Andrew Cuddy, Michael Cuddy, Benjamin Kopp, Justin Coretti, Jason Sterne, Britton Bouchard, and Kevin Mendillo, whose rates range from $375 per hour to $550 per hour, and who collectively billed 152.6 hours.  Cuddy Reply Decl. ¶ 21.  Plaintiff also seeks fees for work performed by paralegals Allison Bunnell, Amanda Pinchak, Cailin O'Donnell, Emma Bianco, John Slaski, Lilianna Keith, Shobna Cuddy, Sarah Woodward, and Allyson Green.  Cuddy Reply Decl. ¶ 21

| Y.F. Administrative Proceeding | | | |
|---|---|---|---|
| Attorney Fees | | | |
| Name | Hourly Rate | Hours Billed | Total |
| Andrew K. Cuddy | $550.00 | 8.00 | $4,400.00 |
| Michael Cuddy | $550.00 | 3.10 | $1,705.00 |
| Jason Sterne | $550.00 | 0.80 | $440.00 |
| Kevin Mendillo | $450.00 | 0.10 | $45.00 |
| Justin Coretti | $425.00 | 0.20 | $85.00 |
| Benjamin Kopp | $400.00 | 140.00 | $56,000.00 |
| Britton Bouchard | $375.00 | 1.50 | $562.50 |
| Paralegal Fees | | | |
| Allison Bunnell | $225.00 | 0.50 | $112.50 |
| Amanda Pinchak | $225.00 | 9.70 | $2,182.50 |
| Cailin O'Donnell | $225.00 | 4.20 | $945.00 |
| Emma Bianco | $225.00 | 2.60 | $585.00 |
| John Slaski | $225.00 | 0.30 | $67.50 |
| Liliana Keith | $225.00 | 0.70 | $157.50 |
| Shobna Cuddy | $225.00 | 3.00 | $967.50 |
| Sarah Woodard | $225.00 | 0.70 | $315.00 |
| Allyson Green | $225.00 | 0.40 | $45.00 |

**B.    *Attorney Time Billed for Travel***

Plaintiff separately bills for time spent by Benjamin Kopp for travel, in connection with the underlying actions, at the rate of $200 per hour.  Cuddy Reply Decl. ¶ 21.  Kopp billed ten hours of travel for the S.F. proceedings, and ten hours of travel for the Y.F. proceedings, for a total of $4,000 in requested attorneys' fees for time spent traveling.  Cuddy Reply Decl. ¶ 21.

**C.**     ***Attorney and Paralegal Fees for the Federal Action***

Plaintiff seeks attorneys' fees for services rendered in this federal proceeding for work

performed by seven attorneys, Andrew Cuddy, Britton Bouchard, Benjamin Kopp, Erin Murray,

Kevin Mendillo, Michael Cuddy, and Katherine Aquino-Melendez, whose rates range from $375

per hour to $550 per hour, who collectively billed 281 hours.  Five of those attorneys billed one

hour or less.  Cuddy Reply Decl. ¶ 21.  Plaintiff also seeks fees for work performed by paralegals

Allyson Green, Amanda Pinchak, Shobna Cuddy, and Cailin O'Donnell.  Cuddy Reply Decl.

¶ 21.

| Federal Proceeding | | | |
|---|---|---|---|
| **Attorney Fees** | | | |
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| Andrew K. Cuddy | $550.00 | 68.00 | $37,400.00 |
| Michael Cuddy | $550.00 | 0.80 | $440.00 |
| Kevin Mendillo | $450.00 | 0.90 | $405.00 |
| Benjamin Kopp | $400.00 | 213.00 | $85,200.00 |
| Katherine Aquino-Melendez | $375.00 | 0.90 | $337.50 |
| Britton Bouchard | $375.00 | 1.00 | $375.00 |
| Erin Murray | $375.00 | 0.20 | $75.00 |
| **Paralegal Fees** | | | |
| Allyson Green | $225.00 | 0.60 | $135.00 |
| Shobna Cuddy | $225.00 | 8.50 | $1,912.00 |
| Cailin O'Donnell | $225.00 | 1.70 | $382.50 |

**D.**     ***Costs for All Proceedings***

Plaintiff seeks costs incurred for faxes, printing, postage, transport, lodging and meals in

the underlying actions, along with the $402.00 filing fee and $355.50 in transcript fees associated

with this federal action.  Cuddy Reply Decl. ¶ 21.

| Costs | | |
|---|---|---|
| | **S.F. Administrative Proceeding** | **Y.F. Administrative Proceeding** |
| Fax @ $2.00 | $358.00 | $108.00 |
| Lodging | $384.17 | $286.11 |
| Meal | $35.86 | $55.01 |
| Postage | $7.76 | $30.09 |
| Printing Cost | $637.00 | $516.00 |
| Transportation | $182.00 | $212.00 |

\*      \*      \*

The Court begins its analysis by first determining the reasonable hourly rates for the relevant timekeepers.  Next, the Court addresses the hours expended in the underlying proceedings and this federal action.  Finally, the Court addresses the claimed costs, Plaintiff's arguments that the Defendant unreasonably protracted this litigation, and whether Plaintiff is entitled to any interest on the award.

## II.      CALCULATING THE REASONABLE HOURLY RATE

### A.  The Parties' Competing Reasonable Rates

Plaintiff asks the Court to set a $550 hourly rate for Andrew Cuddy, Michael Cuddy, and Jason Sterne, a $450 hourly rate for Kevin Mendillo, a $425 hourly rate for Justin Coretti, a $400 hourly rate for Benjamin Kopp, and a $375 hourly rate for Britton Bouchard, Erin Murray, and Katherine Aquino-Melendez.  Cuddy Reply Decl. ¶ 21.  Additionally, Plaintiff seeks a $225 hourly rate for all paralegals who performed work in the underlying proceedings and this case.

Defendant propounds that a reasonable hourly rate would be $360 per hour for Andrew Cuddy, Michael Cuddy, and Jason Sterne; $300 per hour for Kevin Mendillo and Justin Coretti, $200 per hour for Benjamin Kopp and Katherine Aquino-Melendez, and $150 per hour for Britton Bouchard.  [ECF No. 86-2] ("Def. Award").  Defendant also contends that a reasonable hourly rate for the paralegals who worked on the proceedings would be $100 per hour.  Def.

Award at 1.  Defendant argues that Plaintiff's rates exceed those prevailing in the market, and should be reduced under the *Johnson* factors.  Opp. at 9.  The DOE also argues that the Court should not consider the additional evidence submitted by Plaintiff, including the hourly rates paid to attorneys at Houget Newman Regal & Kenney to represent the DOE in IDEA fees litigation, in determining whether counsel's requested fees are reasonable.  Opp. at 11 n.3.

## B.    *Specific Materials Considered*

In determining a reasonable rate, the Court "must ascertain whether 'the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"  *Chambless*, 885 F.2d at 1058-59 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)); 20 U.S.C. § 1415(i)(3)(C).  "The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."  *Ortiz v. City of New York*, 843 F. App'x 355, 359 (2d Cir. 2021).

Recently, the "prevailing market rate for experienced, special-education attorneys in the New York area has been between $350 and $475 per hour," while associates with "three or fewer years of experience" in IDEA litigation typically have approved rates from $150 to $275 per hour.  *Id.* (cleaned up) (collecting cases).  Paralegals and non-attorneys "generally garner between $100 and $125 per hour in IDEA cases in this District."  *Id.* (internal quotation marks omitted).  The Cuddy Law Firm provides a description of each respective timekeeper's qualifications and background, which permits the Court to assess the relative skill and experience of each individual.  *See generally* Cuddy Decl.; Kopp Decl.

Both Parties argue that the Court should consider awards rendered by other judges in this District, and that those respective fee awards reinforce their requested rates and fees here.  Mem. at 16-21; Opp. at 9-12.  However, while the Court may "take judicial notice of the rates awarded

in prior cases," *Farbotko v. Clinton County*, 433 F.3d 204, 210-11 (2d Cir. 2005), a reasonable hourly rate is "not ordinarily ascertained simply by reference to rates awarded in prior cases." *id.* at 208.  Indeed, blind adherence to past awards may work to incorrectly stall fee awards at a certain hourly rate which has fallen out of step with those currently prevailing in the community. Further, were the Court simply to follow a particular award in a different case, taking place at a different time, involving different issues, the Court would shirk its responsibility to engage in a "case specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Fartboko*, 433 F.3d at 209; *M.H.*, 2021 WL 4804031, at *12. However, the awards rendered by other judges in this district and their observations of rates provide an illustrative example of the going-rate for similar services.  The Court also considers as a general cross-check the rates the DOE paid an outside contractor to defend fees-only federal IDEA litigation.  [ECF No. 79-16] (the "Retainer"); Opp. at 11 n.3.[3]

The Court has considered but gives comparatively low weight to other declarations and exhibits submitted by Plaintiff.  In particular, the Court does not weigh heavily the declarations by purported attorneys' fees expert Steven A. Tasher, and IDEA practitioner Bonnie Spiro Schinagle.  [ECF Nos. 79-4; 79-5; 79-6].  Mr. Tasher did not serve as counsel to Plaintiff and does not make a showing of "scientific, technical, or other specialized knowledge" related to IDEA fees litigation.  *See* ECF No. 79-4 ¶ 4 (describing his work as "an expert in the field of assessing and evaluating the reasonableness of attorneys' fees" after a career "handling or

---

[3] Pursuant to the Retainer, the DOE agreed to compensate Hoguet, Newman, Regal & Kenney, LLP "at the rates of $400 per hour for the services of Partners, $300 per hour for the services of Associates and $100 per hour for the services of Paralegals, plus reasonable and necessary disbursements, costs and expenses at cost without mark-up." Retainer at 2.  The Retainer provides a useful datapoint and general insight on fees paid by the DOE.  However, Plaintiff does not address the fact that the Retainer was for fees-only federal litigation, and not for underlying administrative proceedings, and reflects a flat bargained-for deal between the DOE and its outside counsel. Moreover, neither the Plaintiff nor the Retainer explain how the cases were managed, or how those cases are similar or dissimilar to the proceedings here.

supervising major litigation"). Further, both declarations express the improper legal conclusion on the ultimate legal issue of whether Plaintiff's requested fees are reasonable. *See Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992), *see also K.O. v. NYC DOE*, 2022 WL 1689760, at *11 (S.D.N.Y., May 26, 2022) (finding Mr. Tasher's expert report "of limited weight" because it "offers advice on an ultimate issue before the Court and thus is not admissible."); *M.H.*, 2021 WL 4804031, at *11 ("The declaration by another attorney in the IDEA area also is of some, albeit limited, value. Accepting the claims in the declaration as true because they are undisputed, at most they show the rates that one attorney believes are reasonable."); *A.G. v. NYC DOE*, 2021 U.S. Dist. LEXIS 201748, at *17 & n.4 (S.D.N.Y. Oct. 19, 2021).

## C.   *Application*

The Court has carefully considered the evidence submitted and all of the *Johnson* factors in its analysis for each timekeeper. The Court's discussion centers on the facts the Court finds most dispositive. After considering all the evidence submitted by each party, together with each of the *Johnson* factors, the Court concludes that a reasonable rate of $425 for Andrew Cuddy, Michael Cuddy and Jason Sterne, $300 for Kevin Mendillo, $300 for Benjamin Kopp, and $200 for Katherine Aquino-Melendez and Britton Bouchard should be awarded. Those rates are consistent with the prevailing rate in the community and are an amount that a reasonable client would pay based on their respective skill, experience, and reputation.

Andrew Cuddy graduated from SUNY Buffalo School of Law in 1996, Cuddy Decl. ¶ 36, and has been admitted to practice since that time. Cuddy Decl. ¶ 38. He specializes in special education law and, since 2001, has litigated "hundreds of special education due process hearings" and overseen the work of other attorneys in IDEA cases at the "administrative, district court, and circuit levels." Cuddy Decl. ¶¶ 41-42. A recognized expert in the field, *see* Cuddy

Decl. ¶ 43, Mr. Cuddy authored *The Special Education Battlefield: A Parent's Guide to the Impartial Due Process Hearing.*  Cuddy Decl. ¶ 44.

Michael Cuddy graduated from SUNY Buffalo School of Law in 1988 and has practiced as an attorney since 1989.  Cuddy Decl. ¶ 53a.  He served for four years as the school district attorney for the Lewiston-Porter Central School District.  Cuddy Decl. ¶ 53b.  Since joining the Cuddy Law Firm in 2009, Mr. Cuddy has "represented parents in hundreds of impartial due process hearings."  Cuddy Decl. ¶ 53c.

Jason Sterne was admitted to the New York bar in 1998 and since 2005 has concentrated his practice on special education law.  Cuddy Decl. ¶ 54a-b.  Jason Sterne has "extensive experience" litigating against the DOE in administrative and federal proceedings.  Cuddy Decl. ¶ 54b.

The Court concludes that a $300 hourly rate for Benjamin Kopp is reasonable and appropriate.  Benjamin Kopp was the lead attorney in the underlying proceedings and this action. [ECF No. 80 ¶ 2] ("Kopp Decl").  Benjamin Kopp graduated from Syracuse University College of Law in 2015 and joined the New York bar in 2016.  Kopp Decl. ¶¶ 146-47.  Prior to practicing with the Cuddy Law Firm, Benjamin Kopp spent two years at the Camardo Law Firm, where he focused on general litigation at the state and federal levels.  Kopp Decl. ¶ 149.  Since joining the Cuddy Law Firm two years ago, Benjamin Kopp has handled IDEA proceedings in a variety of districts and circuits, and has been involved in "all aspects of the special education litigation process, from beginning to end."  Kopp Decl. ¶¶ 149-54.  While Mr. Kopp is less experienced than Michael and Andrew Cuddy, he has, far and away, committed the most significant time, energy, and effort to this case.  Mr. Kopp performed work in this case well above that expected for an attorney of his experience level, and his efforts of have been instrumental in yielding a

14

significant benefit to Plaintiff.  The work Mr. Kopp performed was made all the more difficult by

the Defendant's noncompliance and failure to "diligently attempt[] to comply" with the

preliminary injunction "in a reasonable manner," which exacerbated the difficulty of this federal

litigation.  [ECF No. 57].  The Court also notes that the work Mr. Kopp was required to perform

precluded him from work that he could have performed in at least two other cases.  *See* Kopp

Decl. ¶ 53.

Because the Court has reduced Mr. Kopp's hourly rate to be $300, rather than the

requested $400, the Court reduces Mr. Kopp's travel rate to $150.  *See C.D. v. Minisink Valley*

*Central School Dist.*, 2018 WL 3769972, at *10 (S.D.N.Y. Aug. 9, 2018) ("Courts generally

approve fees, at 50% of an attorney['s] usual rate, for reasonable travel conducted in service of

ongoing litigation"); Cuddy Reply Decl. ¶ 21 (seeking 50% of the claimed hourly rate for travel

time).

Each of Messrs. Mendillo and Bouchard and Ms. Aquino-Melendez spent insignificant

amounts of time on the underlying proceedings and this litigation.  Mendillo billed a total of one

hour across the underlying proceedings and the federal action, Aquino-Melendez billed a total of

.9 hours in the federal action, and Bouchard billed a total of 2.5 hours in the underlying and

federal action.  Cuddy Reply Decl. ¶ 21; Cuddy Decl. ¶¶ 55-57, 70-71.  It is hard to imagine that

their contributions added meaningful value to the outcome achieved.  The Court finds that in

light of their relatively small contribution, and applying the *Johnson* factors, an hourly rate of

$300 for Kevin Mendillo, and $200 for Katherine Aquino-Melendez and Britton Bouchard is

appropriate in this case.  These fee rates are commensurate with the prevailing rate for their

services in the community, their respective qualifications, and their limited participation in the

underlying proceedings and this litigation.  *See H.A. v. NYC DOE*, 2022 U.S. Dist. LEXIS

33561, at *18-19 (S.D.N.Y. Feb. 25, 2022) (applying *Johnson* factors, reducing sought rate where the attorney "performed virtually no work on this case").  The Court declines to award any fees for the *de minimis* services rendered by Mr. Coretti, who worked on only one of the underlying cases for less than a quarter of an hour, and whose work was clerical in nature.  *See* Y.F. Timesheet at 14 (Coretti reviewed correspondence from the client, responded, and added a note to the file).  The Court also declines to award any fees for the twelve minutes of work performed by Erin Murray, Esq., which was entirely clerical in nature.  *See* Fed. Timesheet at 3 (Murray billed .2 hours for receiving a phone call from the client, sending correspondence to Benjamin Kopp, and entering a note to the file).  Because the work performed by Ms. Murray and Mr. Coretti is *de minimis*, the Court in its discretion declines to award fees for the work, and accordingly does not calculate a reasonable rate for Ms. Murray or Mr. Coretti.

Turning to the non-attorney timekeepers, the Court concludes that a reasonable hourly rate of $125 per hour is appropriate for Shobna Cuddy, Amanda Pinchak, Sarah Woodward, John Slaski, and $100 per hour is appropriate for the remaining non-attorneys.  "Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District."  *A.B. v. NYC DOE*, 2021 WL 951928, at *7 (S.D.N.Y. Mar. 13, 2021).  "Paralegals with evidence of specialized qualifications typically receive $120-or $125-per-hour.  Where plaintiffs have failed to provide evidence showing that a paralegal has special qualifications in the form of formal paralegal training, licenses, degrees, or certifications or longer paralegal experience, courts have typically awarded fees at the lower rate of $100-per-hour for that paralegal."  *Id.* (internal citations and quotations omitted).

Mss. Cuddy, Pinchak, Woodward, and Mr. Slaski all have relevant skills or experience that warrant a slightly higher rate in this case.  Shobna Cuddy has served as a paralegal with the

Cuddy Law Firm since 2007.  Cuddy Decl. ¶ 59.  Amanda Pinchak worked for the Cuddy Law Firm for three years, and possesses a "24-credit-hour paralegal certificate."  Cuddy Decl. ¶ 64. Sarah Woodward worked for nine years as a legal assistant before joining the Cuddy Law Firm. Cuddy Decl. ¶ 62.  John Slaski worked for a number of years as a legal assistant, and received his Juris Doctorate from Case Western Reserve University Law School in 2018.  Cuddy Decl. ¶ 68.  The remaining non-attorney timekeepers have comparatively limited paralegal experience and their respective qualifications are not specialized or relevant here.  *See H.C. v. NYC DOE*, 2021 WL 2471195, at *7 (S.D.N.Y. June 17, 2021); *A.B.*, 2021 WL 951928, at *7.

The Court's assessment of the reasonable rate for each timekeeper had also taken into account the time period during which the services were performed, as well as the delay counsel has experienced in being paid, the "the time and labor required," and "the novelty and difficulty of the questions involved."  *Lilly*, 934 F.3d at 228.  The underlying proceedings lasted a total 5.5 hours, at which the DOE introduced minimal exhibits and no witnesses.  Kopp Decl. ¶¶ 74, 110, 114; Pantalony Decl. ¶¶ 15, 33, 34; c*f. C.B.*, 2019 U.S. Dist. LEXIS 111636, 2019 WL 3162177, at *8 (holding that, although a proceeding that lasted 9.8 hours and in which the DOE produced two witnesses and submitted its own evidence was "'relatively straightforward,' 'straightforward' is not a synonym for 'uncontested'" and that the fees awarded in "essentially uncontested [cases] would be too low here").  At the federal level, on the other hand, the Parties engaged in extensive motion practice and attended various show cause hearings relating to the Defendant's failure to comply with the decisions and orders of the underlying impartial hearing officer and this Court.  [ECF Nos. 10-15; 26, 32-36; 42-46, 57].[4]  Specifically, the Court found

---

[4] Under these circumstances, it is not irrational for Plaintiff's counsel to argue that they are entitled to rates approaching the rates paid by the DOE pursuant to the Retainer with its counsel.  In setting reasonable rates in this case, the Court has considered the DOE's Retainer, but has also balanced any weight given to that consideration with the previously noted shortcoming in Plaintiff's reliance on the Retainer.  *See infra* at 12 n.3

that Defendant's had "not diligently attempted to comply in a reasonable manner" with the preliminary injunction in this case.  [ECF No. 57].  Accordingly, Plaintiff was forced to perform more work and expend significantly more resources to vindicate the educational rights of the young children and their parent.

*     *     *

In sum, the Court awards a reasonable hourly rate as follows: $425 per hour for Andrew Cuddy, Michael Cuddy and Jason Sterne, $300 per hour for Kevin Mendillo and Benjamin Kopp, $200 per hour for Katherine Aquino-Melendez and Britton Bouchard, $125 per hour for Shobna Cuddy, Amanda Pinchak, Sarah Woodward, John Slaski, and $100 per hour for the remaining non-attorneys.

## III.    CALCULATING THE HOURS REASONABLY EXPENDED

After determining the reasonable hourly rate, the Court must determine a reasonable number of hours billed, which requires a "conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).  "If the court finds that the fee applicant's claim is excessive or insufficiently documented, or that time spent was wasteful or redundant, the court may decrease the award, either by eliminating compensation for unreasonable hours or by making across-the-board percentage cuts in the total hours for which reimbursement is sought."  *Wise v. Kelly*, 620 F. Supp. 2d 435, 442 (S.D.N.Y. 2008); *A.B*, 2021 WL 951928, at *7.  A court is permitted to "use estimates in calculating and allocating an attorney's time," because the "essential goal in shifting fees" is "to do rough justice, not to achieve auditing perfection."  *Fox*, 563 U.S. at 838; *see also id.* (in reviewing the hours expended, courts should not "become green-eyeshade accountants.").

In support of the hours Plaintiff seeks for reimbursement, the Cuddy Law Firm has provided its timesheets, which account for each action of each timekeeper.  [ECF No. 79-1] (the "S.F. Timesheet"); [ECF No. 79-2] (the "Y.F. Timesheet"); [ECF No. 90-3] (the "Fed. Timesheet").  The DOE argues that the reported hours at both the underlying and federal stages were excessive and unreasonable.  Opp. at 17-18.

The Court has carefully reviewed the hours billed by Plaintiff's counsel and timekeepers in connection with the administrative proceedings and this federal litigation.  Based upon a review of the Parties' submissions, and in consideration of the arguments made therein, the Court concludes that a reduction of ten percent for the hours billed in the underlying actions is appropriate in this case.  *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.") (internal quotation marks omitted).  The Court is persuaded by the Defendant's arguments that the time billed to draft the underlying Due Process Complaints, which are routine recitations of Y.F. and S.F.'s educational history and background, is excessive.  Opp. at 17 (Plaintiff billed 31.6 hours for S.F.'s eight-page complaint, and 15.7 hours for drafting Y.F.'s ten-page complaint); *see generally* Y.F. Timesheet; S.F. Timesheet.  The Court is also persuaded that the 32.7 hours billed to prepare for Y.F.'s 1.5 hour underlying hearing is excessive.  Opp. at 18; Y.F. Timesheet.  On the other hand, the Court does not countenance Defendant's broad-strokes objection that the "amount of time for work on the briefs" in the federal case—largely precipitated by the DOE's own stalling and inaction—is "excessive."  Opp. at 21.  The Court also does not agree that the 11.70 hours billed for drafting a 33-page Complaint in this action (which involves two different students with differing health issues and different underlying

proceedings and history, and who are entitled to different relief) is "excessive and unreasonable." Opp. at 21.[5]

The Court finds that an across-the board reduction of ten percent of the hours devoted to the underlying proceedings is necessary to bring the fee request into line with reasonable billing practices, but no reduction to the hours billed to the federal action is warranted. *H.A.*, 2022 U.S. Dist. LEXIS 33561, at *30-31 (collecting cases).

## IV.     CALUCLATING THE COSTS

In addition to fees, a district court may award reasonable costs to the prevailing party in IDEA cases. 20 U.S.C. § 1415(i)(3)(B)(i)(I)). Plaintiff seeks $1604.79 for the S.F. administrative proceeding, $1,207.21 for the Y.F. administrative proceeding, and $757.50 in costs in this federal litigation. Cuddy Reply Decl. ¶ 21.

Defendant specifically objects to the claimed printing costs of $1,154 because the "'going-rate' for photocopying is $0.10 per page," and the costs incurred for faxes, postage, meals, lodging and transportation are unreasonable. Opp. at 19. The Court agrees that the costs of faxes should not be shifted to the Defendant, as the record does not reflect that the information could only be sent via fax, and in any event appears to be excessive. *See R.G. v. NYC DOE*, 2019 U.S. Dist. LEXIS 166370, at *15 (S.D.N.Y. Sept. 26, 2019) ("Because no rational client would pay to fax documents that could be transmitted for free via email, the $16 in fax costs is not reimbursable."); *H.A.*, 2022 U.S. Dist. LEXIS 33561, at *32 (declining to deduct fax costs

---

[5] With leave of the Court, Defendant filed a sur-reply, challenging the 19.5 hours billed to prepare the Reply papers as unreasonable. [ECF No. 95]. The Court disagrees, and will award the hours claimed. Defendant then claims that the Court should not award fees incurred after September 1, 2021 because its settlement offer of $145,000 "is significantly higher than Defendant's proposed award" of $91,007. [ECF No. 95 at 2]. 20 U.S.C. § 1415(i)(3)(D)(i) provides that "[a]ttorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if" the offer is not accepted in ten days and the Court finds that the relief "finally obtained by the parents is not more favorable to the parents than the offer of settlement." Because the Court finds that Plaintiff is entitled to more than $145,000, Section 1415(i)(3)(D)(i) is inapplicable here.

where plaintiff "explained that DOE requires records requests to be submitted by fax").  The

Court also agrees that $0.50 per page for printing is excessive, absent explanation or indication

in the record why copies would require such an expense, however the Court concludes that a rate

of $0.10 per page would be unreasonably low.  The Court therefore reduces the reimbursable

printing expenses to the reasonable rate of $0.15 per page.[6]  *Cf. R.G.*, 2019 U.S. Dist. LEXIS

166370 at *15.

  Defendant's objections to the other claimed costs are unfounded.  Defendant argues that

the "transportation costs should be reduced by at least 70 percent because CLF could have

employed alternative, reasonable means to commute," like taking "public transport or some form

of commuter rail."  Opp. at 20.  The claimed transport costs *were* incurred by Plaintiff's counsel

taking "public transport or some form of commuter rail"—namely the subway and Amtrak.  S.F.

Timesheet at 46-47, 51, 53; Y.F. Timesheet at 53-54, 57, 59.  A prevailing party in IDEA

litigation is entitled to recover for costs incurred during reasonable travel.  *See S.W. v. Bd. of

Educ.*, 257 F. Supp. 2d 600, 607 (S.D.N.Y. 2003).  Defendant does not explain why Plaintiff's

counsel's transportation was otherwise unreasonable, and accordingly the Court will award full

transportation costs.  *See A.G. v. NYC DOE*, 2021 U.S. Dist. LEXIS 201748, at *31 (S.D.N.Y.

Oct. 19, 2021) ("Without particularized objections, the Court declines to reduce the costs sought

for being excessive.").  Defendant also does not further explicate why the postage costs, meals,

or lodging should not be reimbursed in this case, and accordingly the Court will reimburse them.

*Id.*  Finally, the Court awards filing and transcript fees as incurred for the federal action, to which

Defendant does not object.

---

[6] The Cuddy Law Firm printed a total of 1,274 pages in connection with the S.F. proceeding, S.F. Timesheet at 42-45, and 1,032 pages in connection with the Y.F. proceeding, Y.F. Timesheet at 48-53.  At a rate of $0.15 per page, the Court will award a total of $191.10 and $154.80 for the respective proceedings, totaling $345.90.

## V.    UNREASONABLE PROTRACTION

When Plaintiff initiated this federal action, she asserted a "Fourth Cause of Action" which sought "a declaration from this Court that Defendant unreasonably protracted final resolution of [the underlying proceedings]."  Compl. ¶¶ 154- 168.  In a footnote in her Memorandum of Law in Support of the Motion for Attorneys' Fees, Plaintiff argues that "a declaratory judgment that DOE unreasonably protracted the final resolution of the proceedings and action would clarify [] legal issues."  Mem. at 1 n.2.  As a threshold matter, a declaratory judgment is a remedy, not a cause of action.  *L.V. v. NYC DOE*, 2020 U.S. Dist. LEXIS 128723, at *44-45 (S.D.N.Y. July 17, 2020), *report and recommendation adopted* 2020 U.S. Dist. LEXIS 144516 (S.D.N.Y. Aug. 12, 2020).  Moreover, by Stipulation and Order dated June 24, 2021, Plaintiff and DOE dismissed with prejudice all claims brought on behalf of Y.F., with the exception of the present motion for attorneys' fees.  ECF No. 62; *see also* ECF No. 66 (status report filed by the Cuddy Law Firm that states the stipulation "resolves most claims for Y.F., leaving open for her only those concerning attorneys' fees and related costs and expenses").  Accordingly, Plaintiff has released any purported "cause of action" for a declaratory judgment with respect to Y.F.  The Court further finds that a declaratory judgment with respect to S.F. should not issue.  The purpose of declaratory relief is to "address ongoing or prospective harm when the legal relations between parties are uncertain."  *Parker v. Citizen's Bank, N.A.*, 2019 U.S. Dist. LEXIS 187306, at *8 (S.D.N.Y. Oct. 29, 2019).  Courts consider: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty."  *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005).  Here, there is no controversy about the rights or obligations between the parties for the Court to clarify—both Y.F. and S.F. have resolved their primary IDEA claims against the Defendant and (by all

accounts) have received the education and services too which they were entitled for the at-issue school years.  Accordingly, the Court declines to award a declaratory judgment that Defendant unreasonably protracted final resolution of the underlying actions.  *See L.V.*, 2020 U.S. Dist. LEXIS 128723, at *45-45.

Relatedly, Plaintiff argues that the Court is without authority to reduce her requested fee award because Defendant unreasonably protracted final resolution of this proceeding.  Mem. at 1, 10; Reply at 2-3.  20 U.S.C. § 1415(i)(3)(G) states that the "provisions of subparagraph (F)"— pursuant to which the Court "shall" make mandatory reductions—"shall not apply in any action or proceeding if the court finds that the State or local educational agency unreasonably protracted the final resolution of the action or proceeding."

Even if the Court were to make a finding that Defendant's actions unreasonably protracted this litigation, the law is not that the Court therefore *must* grant *all* of the Plaintiff's requested fees.  *See H.A.*, 2022 U.S. Dist. LEXIS 33561, at *33 ("Such a declaration would not serve any functional purpose, as the Court's parsing of the fee request here has identified numerous components that would have required pruning whether or not the City unreasonably delayed the proceeding.").  The plain language of the IDEA mandates that the Court grant—in its discretion—only those fees that are *reasonable*.  20 U.S.C. § 1415(i)(3)(B)(i).  The IDEA commands that the Court base fees "on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. § 1415(i)(3)(C).  Thus, while certain enumerated sections of the IDEA warrant mandatory reduction, and 1415(i)(3)(G) would except those reductions, the Court must nonetheless determine what a reasonable fee would be in the first instance *before* making any mandatory reductions.  This reading comports with rulings by other courts that have squarely addressed the issue, including

opinions in this District that have rejected the argument the Cuddy Law Firm renews here. *Somberg v. Utica Cmty. Schs.*, 908 F.3d 162, 180-82 (6th Cir. 2018); *Williams v. Fulton Cty. Sch. Dist.*, 717 F. App'x 913, 916-17 (11th Cir. 2017); *D.P. v. NYC DOE*, 2022 U.S. Dist. LEXIS 5002, at *30 (S.D.N.Y. Jan. 10, 2022); *M.H. v. NYC DOE*, 2021 U.S. Dist. LEXIS 190419, at *75-77 (S.D.N.Y. Oct. 1, 2021) (collecting cases).

## VI.    INTEREST

Finally, Plaintiff argues that the Court should award pre-judgment interest.  Mem. at 23. The Second Circuit has never directly answered whether pre-judgment interest is available on an award of attorneys' fees under the IDEA.  *M.H.*, 2021 WL 4804031, at *13.  Courts analyzing the issue have held that pre-judgment interest may be available under the IDEA.  *See, e.g.*, *D.P. v. NY DOE*, 2022 U.S. Dist. LEXIS 5002, at *43-44 (S.D.N.Y. Jan. 10, 2022).

However, regardless of whether the Court has the ability to award pre-judgment interest, the Court declines to exercise its discretion to award said interest in this case.  The Court finds that Plaintiff is adequately compensated by the award as modified herein.  *S.J. v. NYC DOE*, 2022 U.S. App. LEXIS 12053, at *4 (2d Cir. May 4, 2022).  The Court does award post-judgment interest, as is statutorily required.  *See* 28 U.S.C, § 1961; *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017).

## CONCLUSION

For the reasons stated above, the Court grants Plaintiff's Motion for Attorneys' Fees and Costs as described in Exhibit A to this Opinion and Order and as follows: 1) attorneys' fees in the aggregate amount of $175,398.50, 2) costs in the amount of $2,296.40, 3) post-judgment interest shall be paid at the applicable statutory rate from the date judgment is entered.  The application for a declaratory judgment and pre-judgment interest is denied.

The Clerk of the Court respectfully is requested to enter judgment, terminate the Motion at [ECF No. 78], and close this case.

**SO ORDERED.**

**Date:   August 19, 2022**
      **New York, NY**

                                        **MARY KAY VYSKOCIL**
                                      **United States District Judge**

# EXHIBIT A

| SF Administrative Proceeding | | | |
|---|---|---|---|
| **Attorney Fees** | | | |
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| Andrew Cuddy | $425 | 4.2 | $2,310.00 |
| Michael Cuddy | $425 | 5.1 | $2,805.00 |
| Benjamin Kopp | $300 | 93.6 | $28,080.00 |
| Benjamin Kopp (travel) | $150 | 10 | $2,000.00 |
| **Paralegal Fees** | | | |
| Allison Bunnell | $100.00 | 3.00 | $300.00 |
| Amanda Pinchak | $125.00 | 10.10 | $1262.50 |
| Khrista Smith | $100.00 | 0.60 | $60.00 |
| Cailin O'Donnell | $100.00 | 1.50 | $150.00 |
| Lilianna Keith | $100.00 | 3.30 | $330.00 |
| Shobna Cuddy | $125.00 | 3.00 | $375.00 |
| Sarah Woodard | $125.00 | 0.70 | $87.50 |
| Debra Leone | $100.00 | 0.40 | $40.00 |
| | | | |
| Total | $37,800.00 | | |
| 10% Reduction | $37,800 * .90 | | |
| **Grand Total of S.F. Proceeding** | **$34,020.00** | | |

| YF Administrative Proceeding | | | |
|---|---|---|---|
| **Attorney Fees** | | | |
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| Andrew K. Cuddy | $425.00 | 8.00 | $3,400.00 |
| Michael Cuddy | $425.00 | 3.10 | $1,317.50 |
| Jason Sterne | $425.00 | 0.80 | $340.00 |
| Benjamin Kopp | $300.00 | 140.00 | $42,000.00 |
| Benjamin Kopp (travel) | $150.00 | 10.00 | $1,500.00 |
| Kevin Mendillo | $300.00 | 0.10 | $30.00 |
| Britton Bouchard | $200.00 | 1.50 | $300.00 |
| Justin Coretti | N/A | N/A | N/A |
| **Paralegal Fees** | | | |
| Allison Bunnell | $100.00 | 0.50 | $50.00 |
| Amanda Pinchak | $125.00 | 9.70 | $1,212.50 |
| Cailin O'Donnell | $100.00 | 4.20 | $420.00 |
| Emma Bianco | $100.00 | 2.60 | $260.00 |
| John Slaski | $125.00 | 0.30 | $37.50 |
| Liliana Keith | $100.00 | 0.70 | $70.00 |
| Shobna Cuddy | $125.00 | 3.00 | $375.00 |
| Sarah Woodard | $125.00 | 0.70 | $87.50 |
| Allyson Green | $100.00 | 0.40 | $40.00 |
| | | | |
| Total | $51,440.00 | | |
| 10% Reduction | $51,440.00 *.90 | | |
| **Grand Total of Y.F. Proceeding** | **$46,296.00** | | |

| Federal Proceeding | | | |
|---|---|---|---|
| **Attorney Fees** | | | |
| **Name** | **Hourly Rate** | **Hours Billed** | **Total** |
| Andrew K. Cuddy | $425.00 | 68.00 | $28,900.00 |
| Michael Cuddy | $425.00 | 0.80 | $340.00 |
| Benjamin Kopp | $300.00 | 213.00 | $63,900.00 |
| Kevin Mendillo | $300.00 | 0.90 | $270.00 |
| Britton Bouchard | $200.00 | 1.00 | $200.00 |
| Katherine Aquino-Melendez | $200.00 | 0.90 | $180.00 |
| Erin Murray | N/A | N/A | N/A |
| **Paralegal Fees** | | | |
| Allyson Green | $100.00 | 0.60 | $60.00 |
| Shobna Cuddy | $125.00 | 8.50 | $1,062.50 |
| Cailin O'Donnell | $100.00 | 1.70 | $170.00 |
| | | | |
| **Grand Total of Federal Proceeding** | **$95,082.50** | | |

| Costs | | |
|---|---|---|
| | **SF Administrative Proceeding** | **YF Administrative Proceeding** |
| Fax @ $2.00 | $0.00 | $0.00 |
| Lodging | $384.17 | $286.11 |
| Meal | $35.86 | $55.01 |
| Postage | $7.76 | $30.09 |
| Printing Cost | $191.10 | $154.80 |
| Transportation (Amtrak and MTA) | $182.00 | $212.00 |
| | | |
| **Total** | $800.89 | $738.01 |
| Federal Costs | $757.50 | |
| **Grand Total of Costs** | **$2,296.40** | |