USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/7/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Y.S., *individually and on behalf of Y.F. and S.F., children with disabilities*,

                            Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCTATION,

                            Defendant.

1:21-cv-711 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

On August 19, 2022, the Court resolved Plaintiffs' motion for attorneys' fees and costs in this action brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* [ECF No. 100] ("Opinion and Order"). While Plaintiffs requested attorneys' fees and costs totaling $250,487, the Court awarded a reduced amount of $177,694.90 with post-judgment interest. Opinion at 7, 24. Plaintiffs appealed the Order on August 31, 2022 [ECF No. 102], and Defendant cross-appealed three weeks later. [ECF No. 103].

On October 12, 2022, the Second Circuit issued its mandate in this case. [ECF No. 106] ("Mandate"). The Mandate explained that a case management order had previously been entered in *H.C., Individually, and on behalf of J.C. a child with a disability v. New York City Department of Education*, 21-1582 and related appeals (the "tandem appeals"), and that, pursuant to that order, "appeals filed after May 24, 2022 that raise attorney fee issues will be held in abeyance or remanded to the district court for reconsideration in light of the Court's determination of the tandem appeals." *See* Mandate. The Second Circuit thus remanded this case for further proceedings following the determination in *H.C.* and the tandem appeals. *Id.*

1

On June 21, 2023, the Second Circuit issued its decision resolving the tandem appeals. *See H.C. N.Y.C. Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023). As relevant here, the Second Circuit held that the district court had "abused its discretion when it denied *any* travel-related fees to [plaintiff's] counsel." *Id.* at 129 (emphasis added). Specifically, the court explained that a "district court may permissibly adjust travel costs" but cannot "eliminate[] all of the hours submitted by [plaintiff] as travel time by denying travel-related fees altogether." *Id.* at 130 (internal quotation marks omitted).

On June 28, 2023, the parties submitted a joint letter advising the Court of their respective views on how the Second Circuit decision in *H.C.* affects this Court's prior Opinion and Order on attorneys' fees. [ECF No. 115] ("Joint Letter"). Defendant argued that the Court's "prior award in this case of 10 hours of travel time per appearance [for Plaintiffs' counsel] is in conflict with the Circuit's ruling in *H.C.*, where the Circuit determined that it was appropriate to award Plaintiffs two hours of travel time related to a single appearance at the administrative level." Joint Letter at 1. The Court disagrees. As Plaintiffs correctly note, "the Second Circuit simply reversed a denial of all travel-related fees and calculated what those fees would have been under two of the decisions with similar costs." Joint Letter at 2. The Second Circuit did nothing to limit or otherwise cap the amount district courts could, in their discretion, award for travel time. Accordingly, the Court finds that the Second Circuit decision does not impact its prior award of travel costs.

Plaintiffs also note in the Joint Letter that the Second Circuit clarified in *H.C.* that district courts have the discretion to award prejudgment interest to fee awards under the IDEA. Joint Letter at 2 (citing *H.C.*, 71 F.4th at 128–29). Plaintiffs thus suggest that the Court revisit its decision not to award any such interest. As Plaintiffs acknowledge, however, the Court stated in its Opinion that "*regardless* of whether the Court has the ability to award pre-judgment interest,

the Court declines to exercise its discretion to award said interest in this case." Opinion at 24 (emphasis added). The Court's analysis is thus unchanged by the recent confirmation that prejudgment interest is an available remedy, which district courts may award in their discretion.

The Court therefore re-affirms final judgment consistent with its Opinion and Order and with the Clerk's judgment issued on August 22, 2022 [ECF No. 101]. The case is to remain closed.

**SO ORDERED.**

Date: **August 7, 2023**
New York, NY

*[signature: Mary Kay Vyskocil]*
**MARY KAY VYSKOCIL**
**United States District Judge**